UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| SHANNON ISGETT, individually and on behalf of all others similarly situated, | Case No.: 4:20-cv-00032 |
| | Collective Action (29 U.S.C. § 216(b)) |
| v. | |
| XTO ENERGY, INC. | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. XTO Energy does not pay overtime to its pipeline inspectors. Instead, XTO Energy pays these workers a day rate with no overtime compensation, even though they work many hours in excess of forty hours per week. Because this practice results in non-payment of overtime wages to Shannon Isgett and other similarly situated workers, Isgett brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Isgett's claim occurred in this district.

### THE PARTIES

4. Isgett was employed by XTO Energy as a pipeline inspector.

5. XTO Energy is a subsidiary of ExxonMobil Corporation, which is the largest publicly traded international energy company with operations throughout the world and in many U.S. states.

6. At all relevant times, ExxonMobil and XTO Energy were, together, an enterprise under the FLSA.

7. At all relevant times, the enterprise of which XTO Energy is a part, along with ExxonMobil, had gross annual revenues that exceeded $200 billion.

8. As part of its operations, XTO Energy builds pipelines.

9. XTO Energy employed and/or jointly employed Isgett and the Class Members to inspect the pipelines.

10. Isgett brings this action on behalf of himself and all other similarly situated pipeline inspectors who were paid a day rate with no overtime pay who worked on pipelines for XTO Energy.

11. XTO Energy paid these workers a day rate, without overtime pay required by the FLSA.

12. Isgett's written consent to be a party plaintiff is attached as Exhibit 1.

13. Isgett seeks to represent a class of similarly situated day rate workers under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All current and former inspectors working on pipelines for XTO Energy and who were paid a day rate during the last three years (the "Class Members").**

### FACTS

14. At all times hereinafter mentioned, XTO Energy has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, XTO Energy has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, XTO Energy has been, or has been part of, an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because it has had employees

engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than the statutorily required $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. XTO Energy, at all relevant times, has had employees that handle, sell, or work on vehicles, computers, telephones, tools, oilfield equipment, and safety equipment was produced for interstate commerce or that traveled in interstate commerce.

18. Isgett and the Class Members performed duties for XTO Energy that were integral to its operations, including inspecting pipelines.

19. Isgett and the Class Members perform routine pipeline inspection work to ensure the pipeline meets standardized requirements.

20. Isgett ensured XTO Energy's pipelines met standard criteria required by XTO Energy.

21. For example, Isgett inspected the thickness of the pipeline coating for XTO Energy using a machine that measured the thickness.

22. If the measured thickness was within the range specified by XTO's engineers, then the pipeline passed inspection.

23. Another example of the kind of inspection work Isgett performed was to make sure the pipe was clean.

24. The duties of pipeline inspectors like Isgett and the Class Members do not require a college degree and are usually performed by workers whose highest level of formal education is a high school diploma.

25. Isgett was employed by XTO Energy from October 2018 to July 2019.

26. XTO Energy paid Isgett and the Class Members a day rate with no overtime premium for hours worked in excess of 40 in a workweek.

27. Throughout Isgett's employment with XTO Energy, XTO Energy paid him on a day rate basis.

28. Isgett and the Class Members work for XTO Energy under its day rate pay scheme.

29. If Isgett and the Class Members did not work, they did not get paid.

30. Isgett and the Class Members receive a day rate.

31. Isgett and the Class Members do not receive overtime pay.

32. This is despite the fact that Isgett and the Class Members often work 12 hours a day, for 5-7 days a week.

33. Isgett, who lives in Mississippi, typically worked for months near Pecos, Texas without enough days off to travel home.

34. Isgett and the Class Members were not permitted to perform inspection work for other companies while working for XTO Energy.

35. Isgett and the Class Members worked until XTO Energy was done for the day.

36. XTO Energy controlled the job site, including when Isgett and the Class Members could work.

37. If XTO Energy shuts the job down, Isgett and the Class Members do not get paid.

38. Isgett received a day rate for each day he worked for XTO Energy.

39. Isgett's day rate was $359 per day plus per diem.

40. Isgett and the Class Members received a day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

41. Isgett and the Class Members are not employed on a salary basis.

42. Isgett and the Class Members do not, and never have, received guaranteed weekly compensation irrespective of the days worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

43. Isgett and the Class Members work in accordance with the schedule set by XTO Energy and/or its clients.

44. Isgett's work schedule is typical of the Class Members.

45. XTO Energy controls Isgett's and the Class Members' pay.

46. Likewise, XTO Energy controls Isgett's and the Class Members' work.

47. XTO Energy requires Isgett and the Class Members follow XTO Energy's and/or its clients' policies and procedures.

48. Isgett and the Class Members' work must adhere to the quality standards put in place by XTO Energy and/or its clients.

49. Isgett and the Class Members are part of a permanent workforce employed to perform all of XTO Energy's pipeline inspection work.

50. XTO Energy provides all meaningful capital investment required to construct pipelines. Isgett and the Class Members do not provide anything beyond what employees ordinarily provide to do their work.

51. Isgett and the Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

52. As an inspector, Isgett was responsible for ensuring XTO Energy's and/or its clients' pipelines were completed according to established guidelines, specifications, and restrictions.

53. All the Class Members perform similar duties, inspecting pipelines, ensuring work is done according to established guidelines, specifications, and restrictions.

54. At all relevant times, XTO Energy (and/or its clients) maintained control over Isgett and the Class Members via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

55. Isgett and the Class Members do not have the power to hire or fire any employees.

56. Isgett's working relationship with XTO Energy is similar to XTO Energy's relationship with the Class Members

57. XTO Energy knew Isgett and the Class Members worked more than 40 hours in a week.

58. XTO Energy knew, or showed reckless disregard for, whether the Class Members were entitled to overtime under the FLSA.

59. Nonetheless, XTO Energy failed to pay Isgett and the Class Members overtime.

60. XTO Energy willfully violated the FLSA.

## CAUSE OF ACTION

61. By failing to pay Isgett the Class Members overtime at one-and-one-half times their regular rates, XTO Energy violated the FLSA's overtime provisions.

62. Because XTO Energy knew, or showed reckless disregard for whether, its pay practice violated the FLSA, XTO Energy owes these wages for the past three years.

63. XTO Energy owes Isgett and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

64. Isgett and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## RELIEF SOUGHT

65. WHEREFORE, Isgett seeks relief against XTO Energy as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. Judgment pursuant to Section 16(b) of the FLSA finding XTO Energy liable for unpaid back wages due to Isgett and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

c. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

- 8 -

          Michael A. Josephson
          Texas Bar No. 24014780
          Andrew W. Dunlap
          Texas Bar No. 24078444
          **JOSEPHSON DUNLAP LAW FIRM**
          11 Greenway Plaza, Ste. 3050
          Houston, Texas 77046
          Telephone:    (713) 352-1100
          Telecopier:    (713) 352-3300
          mjosephson@mybackwages.com
          adunlap@mybackwages.com

          **Attorneys for Plaintiff**